IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD PRUDEN,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-07-0604 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **SCI-CAMP HILL,** *et al.,* | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

I.  **Introduction**

Plaintiff, Ronald Pruden, an inmate at the State Correctional Institution ("SCI") in Graterford, Pennsylvania, commenced this *pro se* action by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983.  Defendants are SCI-Camp Hill; SCI-Cresson; SCI-Houtzdale; SCI-Graterford; SCI-Huntingdon; SCI-Smithfield; Doctor and medical staff at Schuylkill County Prison; Doctors and staff at SCI-Camp Hill; SCI-Cresson Unit Manager, Ms. Nolan; Medical Doctor at SCI-Cresson; SCI-Huntingdon Doctor Beregovaskaya; SCI-Huntingdon Doctor Alterman; SCI-Smithfield Doctor Bowers; Doctor at SCI-Houtzdale; SCI-Smithfield Doctor Long; and the Program Review Committee at SCI-Graterford.  Plaintiff alleges that unspecified Defendants: (1) intentionally inflicted pain on him; (2) placed him in restricted housing units for four years as retaliation; (3) denied his medication; (4) "refused his social need to withdraw from work, programs" (Doc. 1 at 2); (5) provoked inmates to assault him; (6) assaulted him; (7) put him in air conditioned cells with little to no clothing; (8) placed him in cells with no heat or water; (9) "ordered [him] to put shit in [his] mouth" (*Id.*); (10) improperly transferred him; (11) filed false misconducts

against him; (12) robbed his cell; and (13) slandered him.  Plaintiff seeks transfer from the state prison system to the federal prison system, removal from restricted housing, entry of his disabilities in his medical files, relief from attending work and school programs, and monetary damages.

In a Memorandum and Order dated May 21, 2007 (Doc. 13), this Court determined that Plaintiff's complaint failed to comply with the requirements of Federal Rules of Civil Procedure 8, 10 and 20.  Plaintiff was directed to file an amended complaint within twenty (20) days from the date of the Order.  The Memorandum and Order forewarned Plaintiff that failure to timely file an amended complaint that complies with the Federal Rules of Civil Procedure would result in closure of the case.  Although the time to file the amended complaint has expired, Plaintiff has neither complied with the Court's May 21, 2007 Order nor requested an enlargement of time in which to do so.  Accordingly, Plaintiff's complaint will be dismissed for failure to prosecute and failure to comply with a Court Order.

**II.    Discussion**

Plaintiff is proceeding *pro se*, and such parties are accorded substantial deference in federal court.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980).  They are not, however, free to ignore the Federal Rules of Civil Procedure or Orders issued by this Court. As noted previously, Plaintiff was directed to file an amended complaint which complies with the Federal Rules of Civil Procedure.  Plaintiff was informed that the amended complaint should set forth his claims in short, concise and plain statements, the claims set forth in the amended document should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain

a question of law or fact common to all defendants.  Ultimately, Plaintiff was forewarned that if he failed to "timely file an amended complaint adhering to the standards set forth above, this case will be closed."  (Doc. 13 at 5-6.)  Plaintiff has not done so.

It is well-settled that this Court has the authority to dismiss an action where a plaintiff fails to comply with its orders or with the Federal Rules of Civil Procedure.  See *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885, 887 (5th Cir. 1968).  Therefore, since Plaintiff has failed to comply with this Court's May 21, 2007 Order, and he has failed to file an amended complaint complying with the Federal Rules of Civil Procedure, the case will be closed.  An appropriate Order follows.

Dated: June 21, 2007.                          /s/ A. Richard Caputo
                                               A. RICHARD CAPUTO
                                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD PRUDEN,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-07-0604 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **SCI-CAMP HILL,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW, THIS 21st DAY OF JUNE, 2007,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to close this case.

2. Plaintiff's Motion for Transfer to Another Facility (Doc. 11) and Plaintiff's Motion for Appointment of Counsel (Doc. 14)(filed after expiration of the period to file an amended complaint) are **DENIED** as moot**.**

 /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge